(11 Misc. Rep. 350.)

BANG v. DOVEY.

(Common Pleas of New York City and County, General Term. February 4, 1895.)

MONEY PAID OUT—WHEN ACTION LIES.
    In an action to recover money paid by plaintiff at defendant's request to bind a contract for the sale of land to defendant, the fact that plaintiff was to receive commissions from the vendor does not affect plaintiff's right to recover.

Appeal from Third district court.

Action by Peter Bang against Ida J. Dovey to recover money paid out for defendant. From a judgment rendered by the justice without a jury, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and GIEGERICH, JJ.

Lord, Day & Lord, for appellant.
Burr & De Lacy, for respondent.

BISCHOFF, J. Plaintiff, a real-estate broker, expended $200 as advance payment to bind a contract for the sale of a certain piece of property to defendant. The latter afterwards refused to complete the contract, and to repay plaintiff the sum so expended by him,

whence this action.   Defendant claimed that there had been a misrepresentation upon the part of the plaintiff concerning the property, and that she, therefore, repudiated the transaction.   It appears from the evidence that she instructed plaintiff to secure the property in question for her, and recognized the payment of $200 to that end; that she had been shown the exact bounds of the property, and had been given its measurements upon the basis of city lots, and had finally expressed herself as satisfied, upon inspection, both with the land and the house.   A deed was prepared, in accordance with the contract, conveying the property to defendant, but it was not accepted by her, the ground assigned being that the lot did not contain more than half an acre, as she subsequently discovered.

There was some conflict of testimony with regard to the exact representations made, but the evidence sufficiently supports the finding that there had been no misrepresentation such as could justify the defendant in repudiating her obligation to the plaintiff to repay him the sum expended at her instance.   True, the property may have been described to her as measuring "a little less than an acre," or "an acre, more or less"; but the actual measurement in square feet was also given, correctly, as conceded, and she had expressed herself as satisfied with the purchase.   Clearly, there was no attempt made to mislead her, and no basis existed for her misconception, if any, of the true extent of the property.   The fact that plaintiff was to receive commissions from the vendor cannot in any way affect the present question.   Defendant testified that there was no agreement that he (plaintiff) was to receive any commissions from her, and, moreover, this is not an action where commissions are sought to be recovered. The evidence is found to support the recovery for traveling and advertising expenses.   Judgment affirmed, with costs.   All concur.